IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LILLY MAE SPILLMAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 04-1397-HO |
| ) | |
| v. ) | ORDER |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's applications for disability insurance benefits and supplemental security income disability benefits.

Plaintiff asserts disability beginning August 5, 1997, due to fibromyalgia. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) finding plaintiff to lack credibility; (2) making inadequate findings at step two of the sequential evaluation; (3) rejecting medical opinion in arriving at a residual functional capacity finding; (4) rejecting lay testimony; and (5) propounding an inadequate hypothetical to the vocational expert.

1.  Plaintiff's Credibility

Plaintiff testified that she has severe cognitive and physical disabilities. The main theme in the ALJ's assessment of plaintiff's disability claim is the finding that plaintiff is a malingerer. The ALJ noted several examples in the record that support a finding that plaintiff is a malingerer.

In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test. Under this test a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. All that is required of the claimant is that she produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged. In addition, there must be no evidence of malingering. A claimant need not show that the impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective

medical evidence of the symptoms themselves or their severity. Id. at 1282. Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

The ALJ noted several occasions in which plaintiff was found to have given less than maximum effort on psychological testing, suggesting malingering. TR. 20, 293, 298, 300. Dr. Gary Sacks, Ph.D, diagnosed plaintiff as a malingerer in the compensation determination context. Tr. 300.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of her symptoms. The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . . In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . . Those factors include the claimant's work record and observations

3 - ORDER

of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ noted that plaintiff testified to a sixth grade education and no GED despite evidence in the record that she has a GED, beauty school training, and nurse's aid training. Tr. 20, 144. The ALJ found credibility problems with plaintiff's claims of memory difficulties and confusion, given her less than maximum effort during psychological evaluation. Tr. 20. The ALJ noted plaintiff's claimed need for a wheelchair was not supported by the medical record, the opinion of Dr. William Debolt, and plaintiff's lack of use of a wheelchair at the first hearing. Tr. 20. The ALJ also relied on an investigation by the Social Security Office of Continuing Disability Investigative Unit in which plaintiff was observed to drive 10 to 12 miles in a 35 minute trip in heavy city traffic with no difficulties despite claims of difficulty and confusion when driving. Plaintiff was also observed walking with no difficulty. Tr. 20, 55-57. It was also noted in the investigative report that plaintiff engaged in door-to-door ministry work despite testimony that she no longer engages in such work.

The ALJ provided specific findings, stating clear and convincing reasons for rejecting plaintiff's symptom allegations to the extent such allegations would demonstrate inability to work.

4 - ORDER

## 2. Non-Severe Impairments and Residual Functional Capacity

The ALJ determined that plaintiff's severe impairments are fibromyalgia, depression, anxiety disorder, and personality disorder. Tr. 24. Plaintiff contends that she also has a severe impairment in the form of a cognitive disorder and obsessive compulsive disorder. In addition, plaintiff contends the ALJ erred in failing to recognize plaintiff's cervical strain, arthritis, headaches, anemia, and obesity as severe impairments.

Plaintiff primarily relies on the medical record of various treating medical doctors and therapists. However, much of the diagnosis provided regarding plaintiff relied on subjective complaints. The evidence of malingering and inconsistencies noted above cuts against any treating source's opinion of disability.

At step two of the disability inquiry, the ALJ must consider the combined effect of all of the plaintiff's impairments on her ability to function, without regard to whether each alone was sufficiently severe. See 42 U.S.C. § 423(d)(2)(B)(Supp. III 1991); Social Security Ruling 868 ("SSR 86-8"). See also SSR 85-28. Also, he is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity. SSR 88-13; 20 C.F.R. § 404.1529(d)(2)(effective 11/14/91) (adopting SSR 88-13). The step-two inquiry is a de minimis screening device to dispose of groundless claims. Bowen v. Yuckert, 482 U.S. at 153-54, 107 S.Ct. at 2297-98. An impairment or combination of impairments can be found

5 - ORDER

"not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." See SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)(adopting SSR 85-28).

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988). The rationale for giving a treating physician's opinion greater weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual. Winans v. Bowen, 820 F.2d 1519, 1523 (9th Cir. 1987).

The ALJ relied primarily on plaintiff's less than maximal effort during psychological testing and substantial evidence of malingering in rejecting treating sources' opinions. Tr. 20-22. The ALJ also relied on medical opinion to determine that the objective medical

record does not support plaintiff's claimed limitations and severe impairments. Because plaintiff's alleged severe impairments are based on diagnoses that heavily relied on her discredited subjective complaints, the ALJ provided the requisite reasoning for rejecting such diagnoses and opinion.

Plaintiff's contention that the ALJ erred in arriving at a residual functional capacity assessment consistent with light work similarly fails. The ALJ properly discounted any limitations inconsistent with light work because of the evidence of malingering and plaintiff's lack of credibility regarding the severity of her symptoms.

3. Lay Witnesses

Plaintiff contends that the ALJ did not provide reasons germane to the testimony of her daughter and husband to reject their testimony regarding disability. However, the ALJ noted that the observations of the lay witnesses may be accurate but are a product of plaintiff's malingering. Tr. 20.

4. Hypothetical to the Vocational Expert

Because the ALJ properly discredited plaintiff's allegations of severe limitations, the ALJ's hypothetical to the vocational expert accurately reflected plaintiff's limitations as supported by the record. Accordingly, the vocational expert's opinion that plaintiff

7 - ORDER

can perform work existing in substantial numbers in the national economy provides substantial evidence to carry the ALJ's burden at step five of the sequential evaluation.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.

DATED this \_\_\_13th\_\_\_ day of \_\_\_Jan.\_\_\_, 2006.

_____
UNITED STATES DISTRICT JUDGE